UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
WELLS FARGO BANK, N.A.                          :
                                                        : Civil Action No.: 1:20-cv-5455
                Plaintiff,            :
                                                        : Judge:
            -against-           :
                                                        : **COMPLAINT FOR INTERPLEADER**
STARX MOTORS LLC, JEAN S. SMITH,                :
BENJAMIN SCHRAGE, JACQUES A. HORN,              :
GENE T. OLIVER, MICHAEL A. CHAVEZ and            :
JACQUELINE CHAVEZ,                              :
                                                        :
                Defendants.       :
---------------------------------------------------------------x

Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its attorneys, Fox Rothschild LLP, and pursuant to 28 U.S.C. §§ 1335 and 2361, brings this action against defendants STARX MOTORS LLC ("Starx Motors"), JEAN S. SMITH ("Smith"), BENJAMIN SCHRAGE ("Schrage"), JACQUES A. HORN ("Horn"), GENE T. OLIVER ("Oliver"), MICHAEL A. CHAVEZ ("M. Chavez") and JACQUELINE CHAVEZ ("J. Chavez") (collectively referred to herein as the "Claimant Defendants"), and in support thereof, states and alleges as follows:

## NATURE OF ACTION

1. This interpleader action arises out of a dispute between the Claimant Defendants concerning five (5) separate wire transfers totaling $66,200.00.

2. The remaining proceeds from those five wire transfers ($64,151.12) are currently being restrained in Starx Motors' Business Choice Checking Account at Wells Fargo.

3. The Claimant Defendants are alleging entitlement to and/or are refusing to release the wire proceeds presently being held and restrained in Starx Motors' account at Wells Fargo.

4.     Accordingly, Wells Fargo, as a disinterested stakeholder, seeks to interplead the disputed, restrained funds into the Court Registry to allow the Claimant Defendants to litigate their respective claims to the restrained funds amongst themselves.

## PARTIES

5.     Wells Fargo is a national banking association with its main office, as set forth in its Articles of Association, in Sioux Falls, South Dakota. Accordingly, Wells Fargo is a citizen of South Dakota.

6.     Starx Motors is a New York limited liability company with its principal place of business in New York, New York. The single member of Starx Motors is a citizen of Latvia. Accordingly, Starx Motors is a citizen of New York and Latvia (a foreign state).

7.     Smith is a resident and citizen of Louisiana.

8.     Schrage is a resident and citizen of Wisconsin.

9.     Horn is a resident and citizen of California.

10.    Oliver is a resident and citizen of Missouri.

11.    M. Chavez and J. Chavez (collectively the "Chavezes") are residents and citizens of Texas.

## JURISDICTION AND VENUE

12.    Wells Fargo brings this interpleader action pursuant to 28 U.S.C. §§ 1335 and 2361, because there is diversity of citizenship between the Claimant Defendants, and the amount in controversy in this action exceeds $500.00, exclusive of interest and costs.

13.    Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of the facts giving rise to the causes of action set forth in this Complaint occurred in this District. More specifically, the funds at issue were wired to a

Wells Fargo bank account with a customer which is a New York limited liability company with its principal place of business at 100 W 57th Street, #9G, New York, New York 10019.

14. Venue is also appropriate in the Southern District of New York, and this Court has jurisdiction over the parties, pursuant to 28 U.S.C. § 1335 and 2361, which grants district courts authority to issue nationwide service of process in statutory interpleader actions, and because at least one of the Claimant Defendants is a citizen of and resides in the state of New York.

## FACTS COMMON TO ALL CLAIMS

15. At all times material hereto, non-party, Janis Auto Market, LLC ("Janis Auto Market") – a single member entity owned and operated by Janis Ezergailis (Ezergailis) – maintained a Wells Fargo Business Choice Checking Account (Account No. XXXXXX6598; the "Janis Auto Market Account").

16. On February 25, 2020, the Janis Auto Market Account received a wire transfer from Oliver in the amount of $8,900.00 (the "Oliver Wire").

17. On February 26, 2020, the Janis Auto Market Account received a wire transfer from Smith in the amount of $6,500.00 (the "Smith Wire").

18. On February 27, 2020, the Janis Auto Market Account received a wire transfer from Horn in the amount of $10,800.00 (the "Horn Wire").

19. At all times material hereto, Starx Motors – a single member entity also owned and operated by Ezergailis – maintained a Wells Fargo Business Checking Account (Account No. XXXXXX4023; the "Starx Motors Account").

20. From February 26-27, 2020, Janis Auto Market transferred a total of $69,000.00 from the Janis Auto Market Account to the Starx Motors Account, all but depleting the Janis Auto Market Account.[1]

21. On February 27, 2020, the Starx Motors Account received a wire transfer from Schrage in the amount of $29,500.00 (the "Schrage Wire").

22. On March 2, 2020, the Starx Motors Account received a wire transfer from the Chavezes in the amount of $10,500.00 (the "Chavez Wire").

23. Wells Fargo has received recall requests for the Oliver Wire, Smith Wire, Horn Wire, Schrage Wire and Chavez Wire (collectively referred to herein as the "Wires"). All of the recall requests were based on alleged fraud.

24. Accordingly, Wells Fargo restrained the Starx Motors Account, which has a current restrained balance of $64,151.21 (the "Restrained Proceeds").

25. Despite repeated requests, Starx Motors has refused to allow Wells Fargo to debit the Starx Motors Account and return the Restrained Proceeds to the other Claimant Defendants.

26. Accordingly, there is now a dispute as to which of the Claimant Defendants are entitled to the Restrained Proceeds.

27. Wells Fargo now seeks to interplead the Restrained Proceeds into the Court Registry to allow the Claimant Defendants to make their respective legal claims to the Restrained Proceeds.

28. The relationship between Wells Fargo and Starx Motors relative to the Starx Motors Account is currently governed by the Wells Fargo Deposit Account Agreement, effective July 24,

---

[1] The Janis Auto Market Account has been closed.

2019 (the "Account Agreement"), a true and correct copy of which is attached hereto as **Exhibit A.**

29. Wells Fargo has retained the undersigned attorneys to represent it in this action and has agreed to pay them a reasonable fee.

30. Wells Fargo, a disinterested stakeholder, is entitled to recover its reasonable attorneys' fees and costs in this action pursuant to the Account Agreement and applicable law.

31. All conditions precedent to recovery have been performed, waived or have occurred.

## CAUSE OF ACTION

## INTERPLEADER

32. Wells Fargo repeats, realleges and incorporates all of the allegations made in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. At this time there exist rival, adverse and conflicting claims between the Claimant Defendants as to the Restrained Proceeds.

34. Wells Fargo claims no interest in the Restrained Proceeds and has done nothing to create the dispute over entitlement to the Restrained Proceeds.

35. By reason of the conflicting claims to the Restrained Proceeds, Wells Fargo is in doubt as to who is entitled to the Restrained Proceeds, is in danger of being exposed to double or multiple liability, and cannot safely remit the Restrained Proceeds without the aid of this Court.

36. Wells Fargo is ready, willing, and able to deposit the Restrained Proceeds into the Court Registry, or to any other custodian or trustee the Court deems proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Wells Fargo Bank, N.A. respectfully requests the following relief:

A.     That this Court take jurisdiction over the parties, and permit Wells Fargo to deposit the Restrained Proceeds with the Registry of the Court;

B.     That this Court issue an order requiring the Claimant Defendants to the above-styled cause to interplead as to their rights and settle or litigate amongst themselves their claims and rights to the Restrained Proceeds;

C.     That Wells Fargo be discharged from all liability to any of the parties to this action concerning Wells Fargo's obligations related to the Restrained Proceeds, the Wires, the Janis Auto Market Account and the Starx Motors Account;

D.     That the Claimant Defendants be enjoined and prohibited from instituting any actions against Wells Fargo and/or its agents, affiliates, employees, and servants, regarding the Restrained Proceeds, the Wires, the Janis Auto Market Account and the Starx Motors Account;

E.     That Wells Fargo, pursuant to the Account Agreement and applicable law, be awarded its costs and reasonable attorneys' fees, to be paid from the Restrained Proceeds, for bringing this action;

F.     That Wells Fargo be dismissed as a party to this action; and

G.     For such other and further relief as this Court deems just, equitable, and proper.

Dated: New York, New York
July 15, 2020

                                          Respectfully submitted,

                                          FOX ROTHSCHILD LLP

                                          __/s/ Alexandra L. Sobol_____
                                          Alexandra L. Sobol, Esq.
                                          101 Park Avenue, 17th Floor
                                          New York, NY 10178
                                          Tel: 212 878-7998
                                          Fax: 212 878-0940

                                          *Attorneys for Plaintiff Wells Fargo Bank, N.A.*