UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A., *plaintiff*,<br><br>-against-<br><br>STARX MOTORS LLC, JEAN S. SMITH, BENJAMIN SCHRAGE, JACQUES A. HORN, GENE T. OLIVER, MICHAEL A. CHAVEZ and JACQUELINE CHAVEZ, d*efendants*. | Case No. 20-cv-5455<br><br>Hon. Alvin K. Hellerstein, USDJ |

**Claimant Defendant Benjamin Schrage's Verified Answer and
Statement of Claim to the Interpled Funds**

Claimant defendant Benjamin Schrage, through the undersigned counsel, hereby answers plaintiff Wells Fargo Bank's complaint for interpleader, and states his claim to the interpled funds as follows.

1.　　Claimant Schrage lacks information as to those allegations in the complaint that concern the designated co-claimants Jacques A. Horn, Gene T. Oliver, Michael A. Chavez and Jacqueline Chavez, the full quantum of their claims, the amount of funds currently being restrained by Wells Fargo, and the transfer of the funds from the Janis Auto account at Wells Fargo to the Starx Motors account, and as such Schrage denies knowledge or information sufficient to form a belief as to the following numbered paragraph in the complaint, but admits the allegations to the extent that they concern Schrage himself: 1,  2, 3, 5, 6, 7, 9, 10, 11, 15, 16, 17, 18, 20,  22, 23, 24, 25, 26, 28, 29, and 33.

2.　　Claimant Schrage admits paragraphs 4, 27, 30, 31, 34, 35 to the extent that he agrees that interpleader is warranted for the orderly and expeditious determination of the claimants' respective rights to the interpled fund, and that Wells Fargo has performed all conditions precedent to filing this action, is entitled to its reasonable attorney's fees, has done nothing to create the dispute over entitlement to the funds, and that interpleader is necessary to avoid duplicative litigation.

3. Claimant Schrage admits the allegations in paragraph 8 – *viz.*, that he is a citizen of Wisconsin.

4. Claimant Schrage admits the allegations in paragraph 12, 13 and 14 – viz., that the court has subject matter jurisdiction over this dispute, and venue is proper.

5. Claimant Schrage adopts the allegations in paragraph 19 that Starx Motors is a single-member entity owned and operated by Janis Ezergailis with the designated checking account at Wells Fargo Bank.

6. Claimant Schrage admits the allegation in paragraph 21 that on February 27, 2020, the Starx Motors Account received a wire transfer from Schrage in the amount of $29,500.00, as Schrage did indeed wire such funds to Wells Fargo Bank on that day.

**Claimant Schrage's Statement of Claim to the Interpled Funds**

7. In late February 2020, claimant Schrage came into contact with a person calling himself "Drew Anthony Bond" through a Phoenix Arizona Craigslist advertisement for the sale of a Tesla car.

8. Bond claimed he was a Canadian pilot who needed to sell his Tesla in order to put a deposit down on a house in Canada, and that SE Motors Group in Fort Worth, Texas would broker the deal, had possession of the car, and had power of attorney to act in his behalf. Bond's phone number (438-808-4401) had an Ontario, Canada area code. An internet search showed that there is indeed an SE Motors in Fort Worth Texas.

9. Bond put Schrage in touch with Michael McKenzie (phone number 682-841-9918, with "482" being a Fort Worth area code), purportedly of SE Motors, in order to effectuate the sale.

10. On February 25th, Schrage received this email from info@semotorsgroup.com



11. Schrage clicked on the link to the buyer's agreement and filled out the form to purchase the car.

12. Follow up emails purportedly from SE Motors confirmed that the data was uploaded, and then that the sale was approved.

13. Thereafter, Schrage was provided with the following wire-payment instructions:

3

14. Having been directed by McKenzie to wire the funds to the Starx Motors account at the Wells Fargo Bank, Schrage arranged for, and completed, the wire transfer of the funds – $29,500.00 – on February 27th, for the purchase of the car on February 28th.

15. Once the funds were wired, and McKenzie confirmed the receipt on February 28th, he told Schrage that the car was to be put on a truck for transport from Texas to Wisconsin, where Schrage resided, that morning.

16. McKenzie also provided the tracking number for the transport truck, and estimated that it would arrive at 12:30 pm on March 3rd at Schrage's residence.

17. On March 2nd, Schrage – after having entered the tracking information to see where the truck was, and seeing that it was not en route to Wisconsin – texted McKenzie for an explanation, and was told that the tracking data was not being updated but that the truck was still on schedule.

18. Claimant Schrage then entered the VIN number through a Tesla app on his phone, in order to register the car. Once the data was uploaded, Schrage was able to see – in real time, so to speak – that the car was not on a truck being transported from Texas to Wisconsin, but in fact was being driven at that very moment in San Jose, California.

19. Claimant Schrage immediately sent a message to McKenzie requesting an explanation, and telephoned him, but he went dark. All attempts to contact him thereafter were unavailing.

20. Thereafter, Schrage notified his bank that he had been scammed out of $29,500.00, and requested that his bank recall the funds. Wells Fargo alleges in paragraph 23

4

that Schrage had indeed made a recall request, on the ground of fraud, thus confirming that the request was made.

WHEREFORE, claimant Benjamin Schrage respectfully requests that he be made whole from the interpled fund, or, in the alternative, that he be compensated on a *pro rata* basis with those other of the claimants named herein who come forward and state and establish their right to recovery, and that the court grant such other relief as it deems just. Claimant Schrage reserves his right to amend this answer to assert cross claims of fraud against Starx Motors LLC in the event it appears in this action, rather than defaults.

Dated: New York, New York
      August 21, 2020

Respectfully submitted,

MAZZOLA LINDSTROM, LLP

By:_____
    Richard E. Lerner
Counsel for claimant defendant Benjamin Schrage
1350 Avenue of the Americas, 2nd Floor
New York New York 10019
646.813.4345
917.584.4864
richard@mazzolalindstrom.com

To: All parties via ECF

5

## Verification

I, Benjamin Schrage, have read the accompanying answer with my statement of claim against the interpled funds, and confirm under penalty of perjury, pursuant to 28 U.S.C. 1746, that the statements made therein are true, and known by me to be true based upon my personal knowledge.

Dated: August 21, 2020
Plover, Wisconsin

_____
Benjamin Schrage