UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
WELLS FARGO BANK, N.A.                      :
                                                     : Civil Action No.: 1:20-cv-05455
                Plaintiff,               :
                                      :
            -against-                      :
                                      :
                                      :
STARX MOTORS LLC, JEAN S. SMITH,            :
BENJAMIN SCHRAGE, JACQUES A.                :
HORN, GENE T. OLIVER, MICHAEL A.            :
CHAVEZ and JACQUELINE CHAVEZ                :
                                        :
                Defendants.               :
---------------------------------------------------------------x

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS INTERPLEADER MOTION

FOX ROTHSCHILD LLP

Elizabeth C. Viele
101 Park Avenue, 17th Floor
New York, NY 10178
(212) 878-7900
eviele@foxrothschild.com

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................ 1

FACTUAL AND PROCEDURAL HISTORY ........................................................................... 1

ARGUMENT ............................................................................................................................... 3

    I.    Wells Fargo is Entitled to Interplead the Restrained Proceeds, Be Dismissed From This Action, and Be Discharged from Liability. ........................................... 3

    II.   Wells Fargo is Entitled to Recover Its Attorneys' Fees and Costs. ......................... 5

CONCLUSION ............................................................................................................................ 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Aon Corp. v. Hohlweck,
 223 F.Supp.2d 510 (S.D.N.Y. 2002)........................................................................................5

Atlantic Bank of New York v. Homeowners Financial Corp.,
 1999 WL 144508 (S.D.N.Y. Mar. 17, 1999) ...........................................................................6

Fidelity Brokerage Servs., LLC v. Bank of China,
 192 F.Supp.2d 173 (S.D.N.Y. 2002).....................................................................................3, 6

John Hancock Mutual Life Ins. Co. v. Kraft,
 200 F.2d 952 (2d Cir. 1953)......................................................................................................4

John v. Sotheby's Inc.,
 141 F.R.D. 29 (S.D.N.Y. 1992) ................................................................................................4

Landmark Chemicals, SA v. Merrill Lynch & Co.,
 234 F.R.D. 62 (S.D.N.Y. 2005) ................................................................................................6

Locals 40, 361 & 417 Pension Fund v. McInerney,
 2007 WL 80868 (S.D.N.Y. Jan. 9, 2007) .................................................................................3

New York Life Ins. Co. v. Apostolidos,
 841 F. Supp. 2d 711 (E.D.N.Y. 2012) ......................................................................................4

Septembertide Pub., B.V. v. Stein and Day, Inc.,
 884 F.2d 675 (2d Cir. 1989)......................................................................................................6

Sotheby's Inc. v. Garcia,
 802 F.Supp. 1058 (S.D.N.Y. 2002) ..........................................................................................4

State Farm Fire & Cas. Co. v. Tashire,
 386 U.S. 523 (1967)..................................................................................................................4

Washington Electric Coop., Inc. v. Patterson, Walke & Pratt, P.C.,
 985 F.2d 677 (2d Cir. 1993)......................................................................................................3

**Statutes**

28 U.S.C. § 1335.............................................................................................................................4

28 U.S.C. § 1397.............................................................................................................................4

28 U.S.C. § 2361.............................................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 22 ............................................................................................................4

Plaintiff, Wells Fargo Bank, N.A. ("Plaintiff" or "Wells Fargo"), by and through its undersigned attorneys, moves for entry of an Order permitting Wells Fargo to deposit into the Registry of this Court the Restrained Proceeds (as defined in the Complaint and herein) that are the subject of its Complaint for Interpleader (the "Complaint") (ECF No. 1), and dismissing and discharging Wells Fargo from this action, along with an award of its reasonable attorneys' fees and costs, to which it is entitled to both contractually and as a matter of law.

## INTRODUCTION

Wells Fargo filed this interpleader action as a disinterested stakeholder claiming no beneficial interest in the Restrained Proceeds.[1] Defendants have made conflicting claims and demands for the Restrained Proceeds. Due to the conflicting claims and demands for the Restrained Proceeds, Wells Fargo is unable to determine which Defendant is entitled to the Restrained Proceeds, is in danger of being exposed to double or multiple liability, and cannot safely remit and/or allow access to the Restrained Proceeds without aid of the Court.

Pursuant to the applicable law detailed herein, Wells Fargo is entitled to entry of an order permitting it to deposit into the Registry of this Court the Restrained Proceeds, dismissing and discharging Wells Fargo from this action, and awarding Wells Fargo its reasonable attorneys' fees and costs. As a disinterested stakeholder to the Restrained Proceeds, Wells Fargo is entitled to the above-requested relief.

## FACTUAL AND PROCEDURAL HISTORY

This matter arises out of a dispute between the Claimant Defendants concerning five (5) separate wire transfers totaling $66,200.00. Non-party Janis Auto Market, LLC ("Janis Auto

---

[1] As defined in the Complaint, the Restrained Proceeds are funds in the amount of $64,151.21 currently being restrained by Wells Fargo in the account of defendant Starx Motors LLC.

Market") maintained a Wells Fargo Business Choice Checking Account (Account No. XXXXXX6598; the "Janis Auto Market Account"), which received the following wire transfers:

- February 25, 2020 –wire transfer from defedant Gene T. Oliver ("Oliver") in the amount of $8,900.00 (the "Oliver Wire")
- February 26, 2020 – wire transfer from Jean S. Smith ("Smith") in the amount of $6,500.00 (the "Smith Wire")
- February 27, 2020 –wire transfer from Jacques H. Horn ("Horn") in the amount of $10,800.00 (the "Horn Wire")

From February 26-27, 2020, Janis Auto Market transferred a total of $69,000.00 from the Janis Auto Market Account to a Wells Fargo Business Checking Account maintained by defendant Starx Motors LLC ("Starx Motors") (Account No. XXXXXX4023; the "Starx Motors Account"), all but depleting the Janis Auto Market Account.

In addition, the Starx Motors Account received wire transfers from defendant Benjamin Schrage ("Schrage") in the amount of $29,500.00 (the "Schrage Wire") on February 27, 2020 and from defendants Michael A. Chavez and Jacqueline Chavez in the amount of $10,500.00 (the "Chavez Wire") on March 2, 2020.

Wells Fargo has received recall requests for the Oliver Wire, Smith Wire, Horn Wire, Schrage Wire and Chavez Wire (collectively referred to herein as the "Wires"). All of the recall requests were based on alleged fraud. Accordingly, Wells Fargo restrained the Starx Motors Account, which currently holds the Restrained Proceeds, amounting to $64,151.21. Despite repeated requests, Starx Motors has refused to allow Wells Fargo to debit the Starx Motors Account and return the Restrained Proceeds to the other Claimant Defendants. Accordingly, there is now a dispute as to which of the Claimant Defendants are entitled to the Restrained Proceeds.

2

On July 15, 2020, Wells Fargo filed its Interpleader Complaint. Schrage, Horn, Smith, and Oliver answered the Interpleader Complaint on August 21, 2020, August 31, 2020, September 3, 2020 and September 15, 2020, respectively. Michael A. Chavez, Jacqueline Chavez and Starx Motors defaulted and the Clerk's Certificates of Default against all three defendants were entered on October 20, 2020. Wells Fargo now seeks to interplead the Restrained Proceeds into the Court Registry to allow Defendants to make their respective legal claims to the Restrained Proceeds.

The relationship between Wells Fargo and Starx Motors relative to the Starx Motors Account is currently governed by the Wells Fargo Deposit Account Agreement, effective July 24, 2019 (the "Account Agreement"). Pursuant to the Account Agreement and the applicable law discussed herein, Wells Fargo is entitled to its attorneys' fees and taxable costs. The Declaration of Elizabeth Viele ("Viele Declaration"), counsel for Wells Fargo, is submitted herewith, which outlines the fees and costs incurred by Wells Fargo to date.

## ARGUMENT

**I.    Wells Fargo is Entitled to Interplead the Restrained Proceeds, Be Dismissed From This Action, and Be Discharged from Liability.**

An interpleader action is typically conducted in two stages: "[d]uring the first stage, the court determines whether the interpleader action is appropriate and the stakeholder is entitled to bring the action; during the second, the Court determines the rights of the competing claimants to the fund." Locals 40, 361 & 417 Pension Fund v. McInerney, 2007 WL 80868, *3 (S.D.N.Y. Jan. 9, 2007) (citing Fidelity Brokerage Servs., LLC v. Bank of China, 192 F.Supp.2d 173, 177 (S.D.N.Y. 2002)). In determining whether an interpleader action is appropriate, a court must assess whether the stakeholder "legitimately fears multiple liability directed against a single fund, regardless of the merits of the competing claims." Washington Electric Coop., Inc. v. Patterson, Walke & Pratt, P.C., 985 F.2d 677, 679 (2d Cir. 1993). A court need not assess the merits of the

competing claims in determining whether interpleader is appropriate because "the stakeholder should not be obliged at its peril to determine which of two claimants has the better claim." John Hancock Mutual Life Ins. Co. v. Kraft, 200 F.2d 952, 954 (2d Cir. 1953). "[O]nce an interpleader plaintiff has satisfied the Section 1335 jurisdictional requirements … '[t]he court should readily grant discharge to the stakeholder' [citation omitted]." New York Life Ins. Co. v. Apostolidos, 841 F. Supp. 2d 711, 720 (E.D.N.Y. 2012).

This Court's authority to grant interpleader relief in this matter also arises out of Fed. R. Civ. P. 22, which provides:

- A. Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though: the claims of the several claimants, or the titles on which their claim depend, lack a common origin or are adverse and independent rather than identical; or the plaintiff denies liability in whole or in part to any or all of the claimants.

- B. The remedy this rule provides is in addition to and does not supersede olimit the remedy provided by 28 U.S.C. §§ 1335, 1397, and 2361. An action under those statutes must be conducted under these rules.

See Fed. R. Civ. P. 22.

"The Rule is designed to insulate a stakeholder from contradictory judgments and multiple liability and to relieve a stakeholder from having to determine which claim among several is meritorious." John v. Sotheby's Inc., 141 F.R.D. 29, 33 (S.D.N.Y. 1992). Interpleader "is designed to protect the stakeholder, here plaintiff, from the vexation of multiple lawsuits and from the possibility of multiple liability that could result from inconsistent determinations in different courts." Sotheby's Inc. v. Garcia, 802 F.Supp. 1058, 1064 (S.D.N.Y. 2002).

Indeed, the United States Supreme Court has held that the classic interpleader situation is where, as here, there is a neutral stakeholder that is faced with rival claims to a fund in its possession and the fund is the actual target of the claimants. See State Farm Fire & Cas. Co. v.

4

Tashire, 386 U.S. 523, 533 (1967). Interpleader allows the stakeholder to be discharged from the action and "permits the neutral stakeholder having no claim to the subject matter of the action, to retire from the action and requires competing claimants to interplead their claims." Aon Corp. v. Hohlweck, 223 F.Supp.2d 510, 514 (S.D.N.Y. 2002).

Here, Wells Fargo has been placed in a predicament of being subjected to multiple liability due to its inability to determine the lawful recipient of the Restrained Proceeds. Accordingly, as Wells Fargo claims no interest in the Restrained Proceeds except for its attorneys' fees and costs in being compelled to bring this action, Wells Fargo respectfully submits that its motion for interpleader relief should be granted and it be absolved of any further liability.

## II. Wells Fargo is Entitled to Recover Its Attorneys' Fees and Costs.

Wells Fargo was compelled to commence this action seeking interpleader relief as an innocent disinterested stakeholder subject to multiple liability arising out of the Restrained Proceeds. It has had to incur legal fees and costs through no fault of its own and with no stake in the proceeds that have been interpleaded.

Pursuant to its Consumer Account Agreement and applicable law, Wells Fargo is entitled to its attorneys' fees. At all times material, the relationship between Wells Fargo and Starx Motors relative to the Starx Motors Account is/was governed by the Account Agreement, which was attached to the Interpleader Complaint as Exhibit "A." The Account Agreement provides for the recovery of Wells Fargo's attorneys' fees and costs in an action involving an "adverse claim". See Complaint, Exhibit A, at 15-16 ("What are we allowed to do if there is an adverse claim against your account? . . We also may charge any account you maintain with us for our *fees and expenses in taking these actions (including attorney's fees and expenses*.") (emphasis added).

Moreover, under these circumstances, courts have permitted interpleader plaintiffs such as Wells Fargo to deduct its attorneys' fees and costs from the proceeds deposited with the Court.

Indeed, it is well-settled that attorneys' fees and costs are generally awarded in an interpleader action to a plaintiff who is: "(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." Septembertide Pub., B.V. v. Stein and Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989); see also Fidelity Brokerage Services, LLC v. Bank of China, 192 F.Supp.2d 173 (S.D.N.Y. 2002) ("Attorneys' fees and costs are generally awarded to an innocent and otherwise disinterested stakeholder who has expanded time and money participating in a dispute 'not of its own making and the outcome of which has no impact on him.'") (citation omitted); Landmark Chemicals, SA v. Merrill Lynch & Co., 234 F.R.D. 62 (S.D.N.Y. 2005) (holding that the plaintiff "plainly met" the four requirements set forth in Septembertide and was therefore entitled to its reasonable attorneys' fees and costs); Atlantic Bank of New York v. Homeowners Financial Corp., 1999 WL 144508, *6 (S.D.N.Y. Mar. 17, 1999) (awarding attorneys' fees and costs to the plaintiff, reasoning that "[g]enerally, a court will award attorney's fees and costs to a disinterested and innocent stakeholder").

In the present matter, Wells Fargo is an innocent interpleader plaintiff with no interest whatsoever in the disposition of the Restrained Proceeds other than that it be paid to the proper and lawful recipient. Wells Fargo has been forced to incur legal fees and costs in the commencement of this interpleader action. Wells Fargo's only objective in commencing this action was to deposit the funds with the Court or the proper party and be absolved of any further liability. As such, Wells Fargo submits that it should be reimbursed its attorneys' fees and costs from the Restrained Proceeds prior to depositing the remainder of same with the Court.

## CONCLUSION

Based on the foregoing, Wells Fargo respectfully requests an Order permitting it to deposit into the Registry of this Court the Restrained Proceeds, and dismissing and discharging Wells

Fargo from this action, along with an award of its reasonable attorneys' fees and costs, to which it is entitled to both contractually and as a matter of law, along with such other and further relief as the Court deems just and proper.

Dated: October 30, 2020
      New York, New York

                                    /s/ Elizabeth C. Viele
                                    Elizabeth C. Viele, Esq.
                                    Fox Rothschild LLP
                                    101 Park Avenue, 17th Floor
                                    New York, NY 10178
                                    (212) 878-7900
                                    eviele@foxrothschild.com